Frank S. McCullough, J.
This is a motion by the defendant for an order vacating and setting aside the personal service of *187 the summons and complaint outside the State upon said defendant. The defendant asserts that he is a nondomiciliary of this State who neither transacts business herein nor owns, uses or possesses real property herein, nor has committed any tortious act herein within the purview of subdivision (a) of section 302 of the Civil Practice Law and Buies.
It appears that personal service of the summons and complaint was effected upon the defendant on September 29, 1963, in St. Thomas, Virgin Islands.
In December, 1961 the defendant, the owner of the sailing vessel, employed the plaintiff’s assignor to furnish a crew for the purpose of delivering the defendant’s vessel to St. Thomas. Apparently, the crew so supplied did not proceed with the vessel beyond Charleston, South Carolina. The plaintiff has brought this action to recover for services rendered by his assignor. The defendant alleges that the contract with the plaintiff assignor was breached in Charleston, South Carolina, and he has interposed a counterclaim for damages. Subdivision (a) of section 302 of the Civil Practice Law and Buies states:
“ (a) Acts which are the basis of jurisdiction. A court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, as to a cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state, if, in person or through an agent, he:
“ 1. transacts'any business within the state; or ”.
It is the defendant’s contention that the language: ‘1 "transacts any business within the state ” requires that the said defendant must be transacting business within the State at the time of the commencement of the action. It is undisputed that the defendant took up residence in the Virgin Islands at about the time of the alleged breach of contract in 1961. It is, therefore, the defendant’s position that since the action was not commenced until September, 1963, it cannot be said that the defendant “ transacts business within the state.”
The court notes the “ Practice Commentary ” by Joseph M. McLaughlin appearing in McKinney’s Consolidated Laws of New York (CPLR, Book 7B, pp. 428, 430) wherein it is stated: ‘ ‘ There can no longer be any serious doubt that the transaction of business within the state is a sufficient predicate for personal jurisdiction at least as to causes of action arising out of that business.”
The cause of action asserted by the plaintiff is breach of contract. In the opinion of the court, the making of such a contract *188 in New York is a sufficient transaction to bring the defendant within the scope of subdivision (a) of section 302 of the Civil Practice Law and Rules. While it may be argued that the breach of the contract occurred somewhere along the Atlantic Coast and outside the State of New York, the court considers the making of the contract in New York and the arising of a cause of action out of such contract as sufficient to validate the service of process effected herein.
With respect to the retroactivity of subdivision (a) of section 302 of the Civil Practice Law and Rules, the- court again calls attention to Mr. McLaughlin’s Practice Commentary, the logic of which is accepted by this court (p. 435):
“ Will the new statute be held to apply to a nonresident who performed any of the stated acts prior to September 1, 1963, the effective date of the statute ? There can be no serious doubt that if the cause of action arises after September 1, 1963, the statute may constitutionally apply even where, for example, the action arises out of the defendant’s transaction of business prior to that time. This was squarely held in McGree [McGee v. International Life Ins. Co., 355 U. S. 220] where the Supreme Court sustained the application of the California statute to a defendant who had issued an insurance policy to a California resident many years prior to the enactment of the statute.
“If the cause of action arose prior to the effective date of the statute, it should still be held to apply to the defendant. The statute in no ways enlarges or extends the liability of the defendant. It merely adds to the number of forums where the plaintiff may seek to enforce his rights. The statute is in essence a procedural statute, and there is no vested right in any particular remedy or procedure. See McKinney’s Statutes § 51 et seq. It was upon this reasoning that the Illinois statute was held to apply to causes of action accruing prior to the effective date of the statute. Nelson v. Miller [11 Ill. 2d 378].”
In the opinion of the court, the making of the contract within the State satisfies the minimum contract contemplated by the Legislature in the enactment of subdivision (a) of section 302 of the Civil Practice Law and Rules. Again referring to the illuminating commentary of Mr. McLaughlin, the court agrees that: “With the enactment of this statute, New York has decided to exploit the fullest jurisdictional potential permissible under federal constitutional restraints ” (p. 428).
Accordingly, the motion is denied.