Matthew J. Jasen, J.
The defendant, a resident of Texas, moves pursuant to 3211 (subd. [a], par. 8) Civil Practice Law and Rules for an order dismissing the complaint on the ground he is not subject to the jurisdiction of this court, and further that service of process was insufficient to meet the requirements of subdivision 3 of 308 Civil Practice Law and Rules.
The action is for breach of contract.
The following facts are uncontroverted. On or about September 3,1959, the defendant sent plaintiff an unsolicited request to bid on any projected pipeline water crossing that plaintiff might construct in the future. On January 14,1960 the defendant repeated his inquiry and desire to bid, and on May 27, 1960 plaintiff wrote defendant informing him of its proposed pipeline across the Niagara River. In response to this letter, defendant sent plaintiff a collection of plans concerning submarine pipelines and their installation as well as a series of reprints of articles concerning the defendant, his personnel, his methods and his past and present projects, including the statement that since 1951 defendant had laid 16 submarine pipelines in New York State.
On June 26 and July 1, 1960, plaintiff sent to the defendant detailed plans and specifications of the project as well as maps and diagrams.
The defendant wrote the plaintiff on July 11, 1960 stating that he had studied the information furnished by the plaintiff as well as all the facets involved in the project, and offered to do the job for $117,260. In response to this letter, plaintiff replied in a letter dated July 14,1960: “ This is to inform you that you were low bidder on our 12" Niagara River crossing. *634 Sometime in the near future, we will send you a contract and notify you when work can commence.
“ We look forward to working with you on this project.”
Plaintiff contends that their letter of July 14 constituted an acceptance of defendant’s offer thereby completing the contract, It is their claim that performance under this contract commenced in August, 1960, when defendant sent his construction superintendent, one Herman Wall, to survey the site and to make field arrangements for construction. On August 22, 1960, Wall informed the plaintiff that the defendant was no longer satisfied with the contract price and that it would be necessary to discuss the matter with others from the home office.
On August 26, I960 another of defendant’s representatives, one Wynn Harvey, arrived in Buffalo to confer with the plaintiff regarding the contract price. Plaintiff contends that Harvey stated that the defendant could no longer perform for the price agreed upon and that he would need an additional $60,000 or else a cost plus contract. Plaintiff, however, declined to negotiate the terms of the contract which resulted in Harvey’s return to Texas and nothing further was done by the defendant to perform the contract.
In support of this motion to dismiss, defendant contends that the defendant has not transacted any business within the State and the court therefore does not have jurisdiction of the person. '
The purpose of subdivision (a) of 302 Civil Practice Law and Buies, patterned upon section 17 of the Illinois Civil Practice Act, is to take advantage of the constitutional power of the State of New York to subject nonresidents to personal jurisditcion where they commit acts within the State. (Standard Civil Practice Service, Advisory Committee Notes, vol. 1, pp. 297, 298).
The section provides in part:
‘ ‘ § 302. Personal jurisdiction by acts of non-domiciliaries. (a) Acts which áre the basis of jurisdiction. A court may exercise personal ijurisdiction over any non-domiciliary, or his executor or administrator, as to a cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state, if, in person or through an agent, he:
“ 1. transacts any business within the state; or ”.
The critical question becomes what constitutes transacting 1 ‘ any business ’ ’ within the scope of section 302.
Certainly where a contract is made in this State and a cause of action arises out of such contract, the consummation of the *635 contract in New York constitutes the transaction of business or the minimum contacts necessary to invoke personal jurisdiction. (See Steele v. De Leeuw, 40 Misc 2d 807 and Patrick Ellam, Inc. v. Nieves, 41 Misc 2d 186.)
Since the question of whether there was in fact a contract in existence in this instance is being disputed by the defendant, this court must determine whether activity, within this State in furtherance of a contract by a nonresident defendant or his agent, constitutes transacting “ any business ” within the State, to establish the necessary minimum contacts.
From the facts and circumstances presented in this case, this court is of the opinion that it does. (See Kropp Forge Co. v. Jawitz, 37 111. App. 2d 475 [1962].)
It is not denied that defendant’s agents, Wall and Harvey, on two separate occasions spent several days in this State in furthering a contract to construct a pipeline across Niagara River. It is conceded that the defendant’s agents inspected the construction site and engaged in other activities in reference to the alleged construction agreement. Certainly this was more than a casual visit to our State. Defendant by his admitted acts has availed himself of the privileges of conducting business activity within the State, thus invoking the benefit and protection of its law. (Hanson v. Denckla, 357 U. S. 235; National Gas Appliance Corp. v. A B Electrolux, 270 F. 2d 472.)
In the opinion of this court, the defendant transacted business within the meaning of paragraph 1 of subdivision (a) of 302 of the Civil Practice Law and Rules.
A further question arises as to whether service of process was properly made on this nonresident defendant. In challenging the service of process in this action, defendant points out that service was made pursuant to subdivision 3 of 308 of the Civil Practice Law and Rules. He argues that this affidavit is not sufficient to meet the requirements of said section and therefore is fatally defective.
In support of his position, he states that before service under subdivision 3 of 308, i.e., substituted service, can be made, there must be a showing that personal service cannot be made “ with due diligence.”
Paragraph (3) of the affidavit of service provides: “ 3. Personal service of the within summons and complaint cannot be made upon said defendant with due diligence.”
This, the defendant contends, is an ultimate conclusion and is wholly unsupported by a statement of facts elsewhere in the affidavit.
*636 It is the opinion of this court that in order to show that proper and diligent effort has been made to effect service of process, it is necessary to state in the affidavit the details of the efforts made to serve the defendant personally. The mere conclusion that one has made proper and diligent effort to serve the defendant, will not suffice. It is necessary that the affiant state the facts upon which the conclusion is based. (See Matter of Bloss, 130 Misc. 786; Bank of Long Is. v. Gregory, 132 App. Div. 93; Nichols v. Emmett, 56 Misc. 321.)
However, 313 Civil Practice Law and Rules provides in part that a person subject to the jurisdiction of the court under 302 Civil Practice Law and Rules, may be served with the summons, without the .State, in the same manner as service is made within the 'State, by any duly qualified attorney in such jurisdiction.
It appears in this case that the defendant was in South Africa for some time prior to the time of service. The affidavit of service annexed to the summons and complaint herein, states that one Roland Burton was served at defendant’s place of business in Port Lavaca, Texas on December 18, 1963, by an attorney duly licensed to practice in Texas. It further appears that the said Roland Burton was attorney in fact for said defendant pursuant to a broad power of attorney instrument dated April 9, 1960 and recorded in the County Clerk’s office, County of Calhoun, Texas on April 13, 1960. This instrument was executed by the defendant individually and doing business as 'Collins Construction Co.
The language of the power of attorney in this case is clear and unmistakeable in authorizing the defendant’s attorney in fact to receive on behalf of the defendant a service of process. The attorney in fact so appointed by the defendant is the alter ego of the principal, and in connection with this litigation is authorized to receive service of process (Torre v. Grasso, 11 Misc 2d 275).
Therefore this court is of the opinion that personal service was properly effected upon defendant herein without the State. For the reason stated, this motion is denied.