Lawrence H. Cooke, J.
Defendant moves, pursuant to subdivision (a) of rule 3211 of the Civil Practice Law and Rules, for dismissal of the complaint on the ground that the court has not jurisdiction of the person of the defendant.
Upon this application the essential facts are not in dispute. It appears: that on August 2, 1963 and prior thereto defendant owned and operated a riding academy business on real property owned by him in Greene County in this State; that on August 28, 1963 defendant sold said business and real property; that on December 22,1963 defendant moved to Florida “to remain there permanently ’ ’ and that the summons and complaint herein were personally served on defendant in Florida on January 15, 1964. The complaint alleges a cause of action for personal injuries arising out of negligence which occurred on August 2, 1963 in said county in connection with the operation of said riding academy, together with a derivative cause.
*1076 Subdivision (a) of section 302 of the Civil Practice Law and Buies provides:
“ (a) Acts which are the basis of jurisdiction. A court may-exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, as to a cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state, if, in person or through an agent, he:
‘ ‘ 1. transacts any business within the state; or
‘ ‘ 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
“ 3. owns, uses or possesses any real property situated within the state. ”
Said section is retroactive and applies to plaintiffs’ causes of action, notwithstanding that they accrued prior to September 1, 1963, the effective date of the statute (Muraco v. Ferentino, 42 Misc 2d 104; Developers Small Business Inv. Corp. v. Puerto Rico Land & Development Corp., 42 Misc 2d 23; Ellam v. Nieves, 41 Misc 2d 186; CPLR 10003).
But defendant argues that said section 302 is not applicable to a nondomiciliary who, at the time of the commission of a tortious act by Mm in tMs State, was a domiciliary. This contention is refuted by the section itself which contains the words ‘1 any non-domiciliary ”. The word “ any ” has been defined judicially to mean 1 ‘ all ” or “ every ” and the use of the word imports no limitation (Randall v. Bailey, 288 N. Y. 280, 285; Weinstein v. Sinel, 133 App. Div. 441; People v. Del Gardo, 1 Misc 2d 821, 825; Matter of Singer [State Laundry Co.], 189 Misc. 150, 151, affd. 273 App. Div. 755; People v. Gravenhorst, 32 N.Y.S. 2d 760; Matter of Schuster, 111 Misc. 534, 538). The statute applies to ‘ ‘ any non-domiciliary ’ ’ who measures up to its provisions and does not exclude one who was a domiciliary at the time the tortious act was committed by him in this State. Any other construction would defeat the purpose of the statute by permitting a domiciliary to commit, a tort here, remove himself beyond the boundaries of New York claiming a change of domicile and thus avoid the jurisdiction of our State. The Legislature did not intend to so restrict the jurisdiction of our courts (Practice Commentary by Professor McLaughlin following § 302, Book 7B, McKinney’s Cons. Laws of N. Y.; Weinstein-Korn-Miller, N. Y. Civ. Prac., § 302.01). Motion denied.