Richard D. Simons, J.
Defendants McLaughlin move pursuant to CPLR 3211 (subd. [a], par 8) to dismiss the complaint in the above-entitled action on the sole ground that the court lacks personal jurisdiction over them. They are residents of the State of Florida and were served personally in that State in accordance with CPLR 313.
Plaintiff seeks to obtain conveyance of a 30-foot strip of land adjacent to his property, or in the alternative, damages by reason of improvements made thereon by him in reliance upon promises by the defendants that the property would be conveyed to plaintiff. Plaintiff has paid the consideration for the realty. Defendants Nye sold the property to the movants, however, without conveying to plaintiff and it is alleged that the movants accepted the conveyance with the understanding and agreement that they would convey by separate deed to the plaintiff the strip *223 in dispute. Likewise, when the movants sold the premises and moved to Florida, plaintiff alleges it was understood and agreed that the strip would be conveyed. They failed to do so.
The movants sold the property to the defendants Barrows in 1959. They presently own no real estate in the State of New York. Obviously, they cannot convey title to the property and relief against them would be limited to damages if the plaintiff should succeed.
The Civil Practice Laws and Rules are procedural only. They apply to all actions commenced after September 1,1963. (CPLR 10003, 10005.) Since CPLR 302 does not in any way alter the substantive rights of the parties and merely creates an additional forum in which the parties may have their rights adjudicated, it is applied retroactively. (Simonson v. International Bank, 14 N Y 2d 281; Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 21 A D 2d 474.)
CPLR 302 (subd. [a], par. 3) grants in personam jurisdiction when the cause of action arises out of the fact of ownership, use or possession of New York realty.
The fact that defendants no longer have an interest in the realty and no longer live in this State is immaterial, as is the nature of the remedy sought. Jurisdiction is grounded on the relationship existing between the defendant and the realty out of which the cause of action arose at the time the cause of action arose. (Cf. Hempstead Medical Arts Co. v. Willie, N. Y. L. J., Dec. 9,1963, p. 18, col. 6.)
The power to convey real estate is an incident of ownership. The wrongful failure to do so gives rise to a cause of action.
While it has not been urged upon the court and it is not necessary to decide, it is interesting to note that jurisdiction might also be urged in this case on the basis of CPLR 302 (subd. [a], par. 1) by reason of the contract to convey (cf. Longines-Wittnauer Watch Co. v. Barnes Reinecke, supra; Steele v. De Leeuw 40 Misc 2d 807) or on the basis of CPLR 302 (subd. [a], par. 2) since the complaint also apparently alleges the tort of deceit. (Cf. Lebensfeld v. Tuch, 43 Misc 2d 919 denying jurisdiction in fraud action.) Defendants ’ motion denied.