## MAROTTA v. PITTSBURGH.
No. 66-165.
Circuit Court, Broward County, Civil Appeal.
July 5, 1966.

Reuben M. Schneider and Abrams, Anton, Robbins & Resnick, all of Hollywood, for appellant.

JAMES F. MINNET, Circuit Judge.

This is an appeal from the Hollywood division of the small claims court. The appellant was the plaintiff in the lower court and the appellee was the defendant. The parties will be referred to in the status held in the lower court.

The plaintiff is a dentist in the state of New York. At a time when the defendant and his family were residents of New York, the plaintiff rendered professional services to the defendant's minor children at the plaintiff's office in New York. Subsequently, the defendant and his family moved to Florida, without paying the plaintiff for the services rendered.

The plaintiff then brought an action in the district court, Nassau County, New York. Personal service of process was made upon the defendant in Florida, pursuant to the New York jurisdictional statute. The defendant did not answer within the allotted time, and a default and final judgment was taken against him for the amount sought.

Plaintiff then brought an action in Florida to establish the New York judgment as a Florida judgment. The defendant appeared and contested the jurisdiction of the New York court to render the judgment. The lower court held that New York lacked jurisdiction over the defendant and refused to give full faith and credit to the New York judgment. The plaintiff appealed.

Section 302 of the New York Civil Practice Law and Rules states, in pertinent part, that — "a court may exercise personal jurisdiction over any non-domiciliary . . . as to any cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state, if in person or through an agent, he: 1. transacts any business within the state . . ."

If taking one's children to a dentist constitutes a "transaction of business" pursuant to New York law, then the small claims court was required to give full faith and credit to the New York judgment. The validity of a New York judgment in Florida is controlled by the law of New York but must satisfy the due process clause of the fourteenth amendment to the federal constitution.

That there can be no question as to the constitutionality of the New York statute is settled by Rosenblatt v. American Cyanamid Co., 86 Sup. Ct. 1, 15 L. Ed.2d 39 (1965). In that case the United States Supreme Court upheld jurisdiction of New York courts based upon paragraph (2) of section 302, which allows jurisdiction in New York courts when a nondomiciliary "commits a tortious act within the state . . ." The reasoning that supports that section of the same statute is strong enough to support the section under attack here.

The present test of whether a state can exercise jurisdiction over nonresidents without violating due process is only that the nonresident defendant have such minimum contacts with the state that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

Although the defendant was domiciled in New York at the time he availed himself of the plaintiff's services, the statute, although applicable by its terms to nondomiciliaries, has been construed to mean nondomiciliary status at the time of service of process, which is sufficient for jurisdictional purposes. Tebedo v. Nye, 45 Misc. 2d 222, 256 N.Y.S.2d 235 (Sup. Ct. 1965); O'Connor v. Wells, 43 Misc.2d 1075, 252 N.Y.S.2d 861 (Supt. Ct. 1964).

One must now turn to New York law to determine whether what the defendant did constituted a transaction of business within the meaning of the New York law.

The term "transacts any business" does not mean "doing business" as that term traditionally has been understood. It is a much broader concept and requires considerably less contacts. See *Practice Commentary on Section 302,* by John M. McLaughlin; Totero v. World Telegram Corp., 245 N.Y.S.2d 870 (Sup. Ct. 1963); Steele v. DeLeeuw, 40 Misc.2d 807, 244 N.Y.S.2d 97 (Supt. Ct. 1963) .

The execution in New York of a contract to be performed in New York is a sufficient transaction of business to allow jurisdiction. "[T]he making of the contract within the State satisfies the minimum contract [sic] contemplated by the Legislature in the enactment of Section 302 (a) of the Civil Practice Law and Rules." Patrick Ellam, Inc. v. Nieves, 245 N.Y.S.2d 545, 547 (Supt. Ct. 1963); Iroquois Gas Corp. v. Collins, 42 Misc.2d 632, 248 N.Y.S.2d 494 (Sup. Ct. 1964).

In the leading cases on the New York statute, collectively referred to as Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965), the New York Court of Appeals showed that the purpose, history and meaning of the statute was to obtain jurisdiction over more than strictly commercial ventures. Although the cases have dealt principally with corporations, it is quite clear that New York did not mean to so limit the statute. It is the doing of an act within the state which generates the jurisdiction. In Van Wagenberg v. Van Wagenberg, 215 A.2d 812 (Md. 1966), Maryland's highest court held that New York had jurisdiction where a Maryland husband and his New York wife executed a separation agreement in New York.

The New York statute was taken from a similar Illinois statute and as guidance, we may look to decisions interpreting the Illinois statute as to what the term "transacts any business" means. In O'Brien v. Lampar Co., 399 S.W.2d 340 (Texas 1966), the facts were as follows —

The president of a Texas corporation which did not do business in Illinois went to Chicago and retained an attorney to prosecute an action in its behalf in the federal court in Illinois. The attorney successfully prosecuted the case and the corporation paid a part of his fee but refused to pay the balance. He filed suit in Illinois. Process was served upon the corporation at its place of business in Texas. It did not appear in answer to the Illinois action, and the Illinois court granted a default judgment for the attorney. He then brought suit in Texas upon the Illinois judgment, and a lower Texas court sustained the defendant's motion for summary judgment, holding that the Illinois judgment was not entitled to full faith and credit.

The Texas Supreme Court reversed. It recognized that the question was whether or not the act of the president in going to Illinois and making the contract to employ an attorney to act on the corporation's behalf was "the transaction of any business" within the meaning of the Illinois law. The Texas court held that there were sufficient minimum contacts with the state of Illinois, so as to allow that state to assert in personam jurisdiction. When the corporation hired an attorney to represent it, it transacted business within the state.

The O'Brien case supports the decision in the case at bar. If retaining a lawyer to perform professional services is a "transaction of business," then the retention of a dentist to perform

professional services is also such a "transaction of business". There is no difference.

Applying the above rules and legal principles to the facts of the instant case, it is at once apparent that when Mr. Pittsburgh took his minor children to the dentist, he contracted with the dentist to provide services. There were sufficient and substantial contacts with the state of New York to render the defendant liable to the jurisdiction of the New York court. The case is further buttressed by the circumstances that personal service of process was made upon the defendant and that he failed to prove any defense in connection with the proceeding about which he had knowledge.

Accordingly, the judgment appealed from is reversed, with directions to the lower court to enter a summary judgment for the plaintiff, plus the costs of this appeal.