**ELGEN MANUFACTURING CORPORATION, Plaintiff,**

v.

**B. G. B. MANUFACTURING CORPORATION, Defendant.**

**No. 67 Civ. 719.**

United States District Court
S. D. New York.

June 23, 1967.

270

---

Sidney W. Bobbe, New York City, for plaintiff.

Robert Sylvor, New York City, and George Gregory Mantho, Detroit, Mich., for defendant.

BONSAL, District Judge.

### MEMORANDUM

It appears that the parties entered into a contract on August 14, 1964, pursuant to which the defendant, a Michigan corporation with offices in Detroit, leased to the plaintiff, a New York corporation with offices in Long Island City, New York, a machine for manufacturing duct connectors, which machine was installed by defendant at plaintiff's premises in New York. According to the plaintiff, defendant breached its contract by supplying a machine which did not operate properly despite the efforts of defendant's agents performed at its premises in New York, and the machine was ultimately returned to the defendant. Thereafter, plaintiff discontinued paying the rentals called for under the agreement and defendant instituted an action in the United States District Court for the Eastern District of Michigan for the rentals. Plaintiff moved to set aside the service of the summons upon it on the ground it does no business in Michigan, which motion has not yet been decided. Thereafter, plaintiff commenced this action for breach of contract, service being effected on the defendant in Detroit. Defendant moves to dismiss on the ground that the issues involved are pending in the Michigan action, or, in the alternative, to stay this action pending final judgment in the Michigan action, or, in the alternative, to transfer this action to the Eastern District of Michigan. And finally, defendant moves to quash the service of the summons upon it in Michigan on the ground that it did no business in New York.

On the papers submitted, it appears that defendant transacted business in New York in installing the machine on plaintiff's premises in Long Island City and in sending its representatives to plaintiff's plant to try to make the machine work. This being a diversity action, the obtaining of personal jurisdiction over the defendant is governed by § 302 C.P.L.R. which confers such jurisdiction on a defendant who "transacts any business within the state * *." On the papers submitted, it appears that defendant did transact business within the state under § 302, Liquid Carriers Corp. v. American Marine Corp., 375 F.2d 951 (2d Cir. 1967); Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N.Y.2d 443, 458, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965), and consequently, service made on the defendant at its office in Michigan is valid under the New York statute.

The papers cast doubt as to whether personal jurisdiction exists over the plaintiff in Michigan since the contract was accepted in New York and the machine was installed by the defendant in

New York where defendant also sought to make it operate properly.

Accordingly, defendant's motions are in all respects denied, without prejudice to the making of such further motions as either the plaintiff or the defendant may be advised in the event the United States District Court for the Eastern District of Michigan finds jurisdiction in the earlier action instituted by the defendant against the plaintiff.

It is so ordered.