**MARTIN MOTOR SALES, INC.,**
**Plaintiff,**

v.

**SAAB–SCANIA OF AMERICA, INC.,**
**and Saab-Scania AB,**
**Defendants.**

**No. 72 CIV. 5380.**

United States District Court,
S. D. New York.

July 30, 1974.

Daniel Rosen, New York City, for plaintiff.

Lester Dolin, Brotman & Dolin, New York City, William J. Doyle, New Haven, Conn. (Wiggin & Dana, New Haven, Conn., of counsel), for defendants.

*Memorandum Opinion and Order*

MOTLEY, District Judge.

In a previous opinion in this case, filed June 21, 1973, the motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure by Saab-Scania AB (Saab AB) was denied without prejudice to renewal "if and when defendant Saab-Scania AB is served in this action." Having now been served in Sweden, in accordance with the Convention on Service Abroad of Judicial and Extrajudicial Documents, TIAS 6638, Saab AB renews its motion to dismiss. Saab AB does not claim that service of process was in any way deficient; nor is there

a claim of improper venue, since Saab AB as an alien (Swedish) corporation may be sued in any district. 28 U.S.C. § 1391(d).

For the reasons noted in the court's opinion of June 21, 1973, Rule 4(c) of the Federal Rules of Civil Procedure makes New York's rules as to jurisdiction applicable in the instant case. The issue raised by Saab AB is, therefore, limited to whether it can be subjected to the jurisdiction of this court under New York's relevant Civil Practice Law and Rules (N.Y.C.P.L.R.), and the Automobile Dealers' Act, 15 U.S.C. § 1222. More specifically, the court is asked to determine jurisdiction under N.Y.C.P. L.R. §§ 301 and/or 302(a), and 15 U.S.C. § 1222. For the reasons which follow, Saab AB's motion to dismiss for lack of *in personam* jurisdiction is denied.

*Section 302 Jurisdiction*

■ Under N.Y.C.P.L.R. § 301 a foreign corporation becomes subject to *in personam* jurisdiction if it is "doing business" in the state. In this context, "doing business" has been interpreted in a strict manner. Thus, some degree of continuity and permanence of a kind not present here, are required to establish jurisdiction under N.Y.C.P.L.R. § 301. *See, e. g., Gelfand v. Tanner Motor Tours, Ltd.,* 385 F.2d 116 (2d Cir. 1967), *cert. denied,* 390 U.S. 996, 88 S.Ct. 1198, 20 L.Ed.2d 95 (1968) *and cases collected therein.*

■ Under N.Y.C.P.L.R. § 302(a) 1, however, the New York contacts necessary in order to confer jurisdiction on a foreign corporation need only amount to the constitutionally permissible "minimum". *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). When that constitutionally satisfactory minimum is achieved, New York *in personam* jurisdiction, as to that cause of action to which the contacts relate, will be proper. *Frummer v. Hilton Hotels International, Inc.,* 19 N.Y.2d 533, 281 N.Y.S.2d 41, 227 N.E.2d 851, *cert. denied,* 389 U.S. 923, 88 S.Ct. 241, 19 L.Ed.2d 266(1967).

In the instant case, there are conflicting allegations as to the significance and·role played with respect to automobiles sales by two of Saab AB's wholly-owned United States subsidiaries, Saab USA, Inc. and Datasaab USA, Inc., with offices in New York City. While conceding that these two subsidiaries have New York offices, defendant Saab AB asserts that "neither of these subsidiaries has anything to do with the automobile business." (Affidavit of Lennart E. Wiberg, Senior Vice-President, Secretary and General Counsel of Saab-Scania AB, paragraph 9, submitted in support of motion to dismiss.) In contrast, plaintiff asserts that at least one of these two subsidiaries, Saab USA, has dealt directly with plaintiff and plaintiff's retail customers in New York City. (Affidavit dated April 30, 1974 of Martin Schlanger, President of Plaintiff Martin Motor Sales, Inc., paragraphs 22 and 23, and Exhibits 9 and 10, attached thereto.) The significance of those dealings, says plaintiff, is to make Saab USA, Inc. an agent of defendant Saab AB. And since Saab USA, Inc. admittedly has offices in New York City, plaintiff continues, the defendant Saab AB through its agent, Saab USA, Inc., "transacts business" within the meaning of N.Y.C.P.L.R. § 302(a) 1, thereby rendering Saab AB amendable to *in personam* jurisdiction in New York.

Exhibits 9 and 10 annexed to Martin Schlanger's affidavit submitted on behalf of plaintiff, are strong support for the plaintiff's theory that Saab AB transacts business through its agent Saab USA, Inc. Those exhibits are letters sent to customers of plaintiff who purchased Saab automobiles from plaintiff for delivery in Sweden. Those letters detail the terms of the transaction. The ·tters are on Saab USA, Inc. stationery. However, the fact that the letterhead on this stationery bears a Connecticut address, rather than Saab USA, Inc.'s New York address, prevents the court from relying exclusively on these ex-

hibits for the purpose of determining what events transpired in New York.

In addition to the activities of Saab USA, Inc. in New York (which might fairly be characterized as the New York agent of Saab AB despite the Connecticut address discussed above) the court notes the following undisputed activities of defendant Saab AB and its representatives in New York. During the time the plaintiff was a Saab dealer, defendant Saab AB sent numerous representatives and officers to inspect plaintiff's premises on several occasions. Swedish personnel discussed problems which plaintiff might have with the products or sales thereof. Inquiries were made during those inspection visits as to whether or not plaintiff was satisfied with its dealings with Saab America, a co-defendant in this case. Personnel from Saab AB were sent to plaintiff to give special training to plaintiff's personnel. And, importantly, preliminary negotiations regarding the agreement under which plaintiff would receive a dealership advantage in return for promoting the sales of Saab automobiles to persons willing to take delivery in Europe took place in New York.

■ Taking all these factors together, the court concludes that jurisdiction over defendant Saab AB exists under N.Y.C.P.L.R. § 302(a) 1. The instant case clearly falls between the extremes of *Longines-Wittnauer Watch Co. v. Barnes & Reinecke,* 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965) which upheld jurisdiction and *Kramer v. Vogl,* 17 N.Y.2d 27, 267 N.Y.S.2d 900, 215 N.E.2d 159 (1966) in which jurisdiction was denied. As the Court of Appeals for the Second Circuit said in *Liquid Carriers Corp. v. American Marine Corp.,* 375 F.2d 951, 955 (2d Cir. 1967), where no state case deciding the exact factual question presented has been decided by the state courts, the federal court is obliged to decide the issue as the New York courts would be expected to do. Under *Liquid Carriers Corp. v. American Marine Corp.,*

*supra,* and the New York case of *Iroquois Gas Corp. v. Collins,* 42 Misc.2d 632, 248 N.Y.S.2d 494 (Sup.Ct.1964), *aff'd* 23 A.D.2d 823, 258 N.Y.S.2d 376 (1965) it would seem that the significant activities of the Saab AB personnel sent to plaintiff's New York plant, combined with Saab USA, Inc.'s apparent role as an agent for Saab AB were sufficiently extensive and purposeful to constitute a transaction of business by Saab AB under N.Y.C.P.L.R. § 302(a) 1.

*15 U.S.C. § 1222 Jurisdiction*

■ Having found "agency" under N.Y.C.P.L.R. § 302(a) 1, it is evident that jurisdiction under 15 U.S.C. § 1222 is proper. The relevant part of 15 U.S.C. § 1222 reads as follows:

> "An automobile dealer may bring suit against any automobile manufacturer engaged in commerce, in any district court of the United States in the district in which said manufacturer resides, or is found, or has an agent . . . ."

Since Saab AB has an agent here, 15 U.S.C. § 1222 is satisfied. As was stated in *Autowest, Inc. v. Peugeot, Inc. and Associete de Automobiles Peugeot,* 1968 C.C.H. Trade Cases, par. 72, 389 (E.D.N.Y.1968), although the local subsidiary may not be formally denominated as the "agent" of the parent company by the parent company, a history of the local corporation illustrates that "its function fills a gap that could otherwise be filled only by the manufacturer's own functionaries", at p. 85, 164. *See also, Sunrise Toyota, Ltd. v. Toyota Motor Co.,* 55 F.R.D. 519, 530–31 (S.D. N.Y.1972). In *Volkswagen Interamericana, S.A. v. Rohlsen,* 360 F.2d 437 (1st Cir.), *cert. denied,* 385 U.S. 919, 87 S.Ct. 230, 17 L.Ed.2d 143 (1966), the Court of Appeals for the First Circuit emphasized the fact that Chapter 27 of the Automobile Dealers' Act, 15 U.S.C. § 1221 *et seq.,* is aimed at automobile manufacturers, not distributors. The court there said "[t]he very purpose of the act is to give the dealer certain rights against a manufacturer independ-

ent of the terms of the agreement itself. *Cf. Barney Motor Sales v. Cal. Sales, Inc.,* S.D.Cal.1959, 178 F.Supp. 172, 175. This protection would be of little value if a manufacturer could contractually limit jurisdiction to a forum practically inaccessible to the dealer. The act cannot so easily be thwarted." 360 F.2d at 439. By the same reasoning, a foreign manufacturer of automobiles should not be permitted to take advantage of business opportunities here and at the same time avoid jurisdiction by creating separate local corporations knowledge of whose activities the parent company disavows at its convenience.

For the reasons stated above, defendant Saab AB's motion to dismiss for lack of *in personam* jurisdiction is denied.