■ MILTON R. BARRIE Co., INC., Respondent, v MORTON LEVINE, Defendant, and PETER MORRONI, Appellant.—Order of the Supreme Court, New York County, entered in the office of the clerk on June 16, 1976 finding appellant Morroni subject to the jurisdiction of the New York courts by denying Morroni's motion to dismiss the service of the summons and complaint against him, unanimously affirmed, with $60 costs and disbursements to respondent. In this suit based upon claims of fraudulent activities

by defendants, violation of the Securities Act of 1933 (US Code, tit 15, §§ 77a–77aa) and breach of warranty, the facts established below demonstrated that defendant Levine represented defendant Morroni in New York in negotiations leading to the execution of a contract in Massachusetts for the sale of stock of the Amberlite Plastics Corporation, a Massachusetts corporation, in which Levine and Morroni were equal shareholders, in return for a substantial sum of money to be paid to each of them by the plaintiff corporation. At the closing in New York Levine was present as was appellant Morroni, a resident of Florida. Following the closing Morroni returned to Florida where he was served with the summons and complaint herein. It appears that appellant, in person or through an agent, engaged in purposeful business activity in New York in connection with the causes of action alleged, so as to afford personal jurisdiction over appellant under CPLR 302 (subd [a], par 1). *(Longines-Wittnauer Watch Co. v Barnes & Reinecke,* 15 NY2d 443, 457; *Parke-Bernet Galleries v Franklyn,* 26 NY2d 13, 13–16.) Levine's trips into New York in preliminary negotiations to further his own and appellant's business interests were sufficient contact with this State by appellant through an agent to subject appellant to such jurisdiction *(Buckley v Redi-Bolt,* 49 Misc 2d 864; *Iroquois Gas Corp. v Collins,* 42 Misc 2d 632, affd 23 AD2d 823; *Parke-Bernet, supra,* pp 17–18). Moreover, appellant was physically present and actively participated in the closing in New York and derived an immediate and substantial monetary gain thereat. Although the closing may be considered a single transaction, nevertheless in the context of this case it was sufficient to satisfy the statutory requirement for jurisdiction *(Longines-Wittnauer, supra,* p 456; *Parke-Bernet Galleries, supra,* p 16). Concur—Stevens, P. J., Markewich, Birns, Silverman and Capozzoli, JJ.