■ ACTION ASSOCIATES, Appellant, v G. DAVID SCHINE et al., Respondents. — Order, Supreme Court, New York County (Blangiardo, J.), entered July 14, 1981, which, *inter alia,* granted defendants' motion to dismiss the action for lack of in personam jurisdiction, unanimously reversed, on the law, with costs and disbursements, and the motion to dismiss for lack of in personam jurisdiction and for lack of capacity to sue denied, without prejudice to an application for dismissal on the ground of *forum non conveniens,* after interposition of an answer. The complaint alleges breach of contract, fraudulent inducement, conversion and breach of fiduciary duty. Although executed in Nevada, plaintiff contends that the agreement was negotiated in New York. In that connection it points to a December 12, 1975 meeting between Eli Freedman and Schine in New York City at which various misrepresentations calculated to induce plaintiff to contract were reiterated and confirmed. Even if defendants' version of that meeting was accepted, defendants, none of whom is a resident or domiciliary of this State, concede a significant amount of marketing activity in New York City after production of the film which is the subject of the contract between the parties. A print of the film was even kept at the office of plaintiff's attorneys in New York City, pending instructions from defendant Schine with respect to its delivery to different television studios and film distributors. At least three of the eight causes of action relate to the marketing and distribution of the film. It is alleged, for instance, that defendants converted funds to their own use from a licensing agreement into which they entered with a New York pay-TV company. In any event, serious doubts are cast upon the accuracy of defendants' account of the December 12, 1975 meeting by the contents of a letter sent by Schine to plaintiff's attorneys just three days later. Sufficient facts were set forth to compel denial of the motion based on lack of personal jurisdiction over defendants. Under CPLR 302 (subd [a], pars 1, 2), a nondomiciliary who "transacts any business within the state or * * * commits a tortious act within the state" is subject to personal jurisdiction as to a cause of action arising therefrom. The test under CPLR 302 (subd [a], par 1) is whether the nondomiciliary engaged in "purposeful business activity" in New York. *(Hi Fashion Wigs v Hammond Adv.,* 32 NY2d 583; *Barrie Co. v Levine,* 54 AD2d 642.) Moreover, jurisdiction acquired under CPLR 302 (subd [a], par 1) encompasses both contract and tort actions. "It is clear that paragraph 1 is not limited to actions in contract; it applies as well to actions in tort when supported by a sufficient showing of facts." *(Longines-Wittnauer Watch Co. v Barnes & Reinecke,* 15 NY2d 443, 466.) Nor do we find persuasive the argument that plaintiff lacked capacity to sue since Freedman clearly was acting as an agent and it was in that capacity that he signed the agreement. Indeed, Schine knew at all times that Freedman was acting for a group of investors who came to be known as "Action Associates", the plaintiff herein. In making our determination without prejudice to a renewed motion based upon *forum non conveniens* we indicate no view of the merits of such a

motion, except to note that the issue was never reached at Special Term and no cross appeal was taken. Concur — Birns, J. P., Sullivan, Ross, Carro and Silverman, JJ.