OPINION OF THE COURT
Sidney Leviss, J.
This is a motion by Makita Electric Works, Ltd., to dismiss for lack of jurisdiction, pursuant to CPLR 3211 (subd [a], par 8), a products liability action based on negligence and breach of warranty. The motion is directed to both the method of delivery as well as the basis for jurisdiction.
The movant is a Japanese corporation in the business of manufacturing electric power tools. It sells its products to Makita USA, a wholly owned subsidiary of the movant, which is a New York corporation. Makita USA sells and *207 distributes the movant’s products throughout the United States as well as in New York. Breezy Point Lumber Co. is one of the New York stores to which Makita USA distributes the movant’s goods.
The plaintiff, a New York resident, purchased a Makita power saw from Breezy Point Lumber Co. for use in his trade of carpentry. On November 1, 1980, plaintiff was injured while using the saw and shortly thereafter instituted this action.
The first issue presented by this motion is whether plaintiff effected valid service on the movant pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the Hague Convention, 20 US Treaties 361), by serving a summons with notice on the movant in Japan. Movant maintains that in ratifying the Hague Convention, Japan objected to certain service provisions and thereby preserved application of its own Code of Civil Procedure which would require plaintiff to serve a complaint. There is no authority to support this theory.
The Hague Convention does not purport to specify what process must consist of, rather, it mandates how it shall be served. (20 US Treaties 361; 8 Martindale-Hubbell Law Directory [1982 ed], p 4617.) The preamble of the convention makes clear that its purpose is to “simplify service of process abroad so as to ensure that documents are brought to the notice of the addressee in sufficient time.” (Tamari v Bache & Co. [Lebanon] S.A.L., 431 F Supp 1226, 1228.)
Japan’s objection to chapter 1 (art 10, subds [b], [c]) of the Hague Convention (20 US Treaties 361, 363) does not purport to limit the type of judicial document that shall constitute proper process. Rather this exception limits the ability to effect service of judicial documents directly through judicial officers in Japan. (See Martindale-Hubbell Law Directory [1982 ed], p 4621, n 9 [4].) There is no authority in the convention or in New York law to require the plaintiff to serve a complaint. Service of a summons with notice on the movant was proper. (20 US Treaties 361; CPLR 304, 305, subd [b]; see, generally, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C313:2, p 295.)
*208 In addition to the service requirements of the Hague Convention, movant argues that the plaintiff must also comply with section 307 of the Business Corporation Law, which would require him to serve the Secretary of State and to then give notice of that service to the movant. (Business Corporation Law, § 307, subd [a].) There is no such requirement. Service of process on a foreign corporation may be made by “any other method allowed by law” in addition to those methods specified in section 307. (Business Corporation Law, § 307, subd [e].) Here, plaintiff properly adhered to the service provisions in the Hague Convention and the use of that method obviates the necessity of serving the Secretary of State. (20 US Treaties 361; Business Corporation Law, § 307, subd [e]; see Low v Bayerische Motoren Werke, AG., 88 AD2d 504, 505.)
The second issue presented is whether personal jurisdiction may be exerted over the movant. The evidence is clear that no predicate to jurisdiction exists beyond the commission of a tortious act without the State resulting in injury in the State (CPLR 302, subd [a], par 3). Additionally, it must be found that defendant does business in New York (CPLR 302, subd [a], par 3, cl [i]), or reasonably expects the consequences to occur in New York and does substantial interstate or international business (CPLR 302, subd [a], par 3, cl [ii]). Jurisdiction under CPLR 302 (subd [a], par 3, cl [i]) cannot be based on the direct activities of the movant in that it does not do business in New York, does not engage in a persistent course of conduct in New York and does not derive substantial revenue in New York. There is, however, a sufficient showing to merit a hearing as to whether the activities of its subsidiary subject the movant to jurisdiction.
The systematic activities of a subsidiary or agent in New York may subject a foreign principal to personal jurisdiction. (Laufer v Ostrow, 55 NY2d 305; Darienzo v Wise Shoe Stores, 74 AD2d 342; Frummer v Hilton Hotels Int., 19 NY2d 533; Public Administrator of County of N. Y. v Royal Bank of Canada, 19 NY2d 127, 131; Bryant v Finnish Nat. Airline, 15 NY2d 426; Taca Int. Airlines v Rolls Royce of England, 15 NY2d 97.) However, the activities must amount to more than the mere parent-subsidiary relation *209 ship. (Cannon Mfg. Co. v Cudahy Packing Co., 267 US 333, 336; Bulova Watch Co. v Hattori & Co., 508 F Supp 1322; Simonson v International Bank, 16 AD2d 55.) A subsidiary’s acts confer jurisdiction over the parent either where the subsidiary “does all the business” which the parent could do were it here by its own officials (Frummer v Hilton Hotels Int., supra, p 537; Gelfand v Tanner Motor Tours, 385 F2d 116), or where the parent’s control over the subsidiary’s activities are so complete that the subsidiary is, in fact, merely a “department of the parent”. (Delagi v Volkswagenwerk AG. of Wolfsburg, Germany, 29 NY2d 426, 432; Taca Int. Airlines v Rolls Royce of England, supra, p 102.)
Movant maintains that there is a complete and formal separation between itself and the activities of Makita USA. Mere formal separation between itself and its subsidiary is not enough, the realities of the relationship is the final test. (Marantis v Dolphin Aviation, 453 F Supp 803, 804; Martin Motor Sales v Saab-Scania of Amer., 397 F Supp 389; Bulova Watch Co. v Hattori & Co., supra, p 1335; Boryk v deHavilland Aircraft Co., 341 F2d 666, 669; Darienzo v Wise Shoe Stores, supra, p 347.)
The movant’s product catalogue designates Makita USA as its “area representative” and characterizes the relationship with its subsidiaries as a “fast-growing network [that] assumes single-source sales and service responsibility.” Present here is the element of common ownership and an indication that Makita USA may perform those essential services which the movant could do were it here by its own officials, such as establishing marketing and service centers throughout the United States to implement the sale and distribution of its products. (See Bulova Watch Co. v Hattori & Co., supra, p 1334; Top Form Mills v Sociedad Nat. Ind. Applicazioni Viscosa, 428 F Supp 1237, 1245; Laufer v Ostrow, supra, p 311; Frummer v Hilton Hotels Int., supra, p 537.) The mere fact that title to goods formally passes to Makita USA and that separate bank accounts are maintained is not a sufficient basis on which to deny jurisdiction as a matter of law where the evidence indicates that there is, in reality, a unity and singularity of the “Makita network.” (Top Form Mills v Sociedad Nat. *210 Ind. Applicazioni Viscosa, supra, p 1244; see, also, Darienzo v Wise Shoe Stores, supra, p 347.)
The evidence here is not sufficient to warrant a determination upon papers alone. The movant is in sole possession of information that may resolve this issue. Therefore a hearing to determine jurisdiction will be held as to the extent of the parent-subsidiary relationship. (Grandoe Glove Corp. v Great Eastern Fin. Corp., 34 AD2d 593; see, generally, Siegel, New York Practice [1978 ed], § 93.)
There is also sufficient evidence to merit a hearing under CPLR 302 (subd [a], par 3, cl [ii]) which confers jurisdiction over a defendant who derives substantial revenue from interstate or international commerce if he should have reasonably expected his act to have forum consequences. This provision has been partially satisfied in that the movant is heavily engaged in international trade. (See Prentice v Demag Material Handling, 80 AD2d 741; Allen v Canadian Gen. Elec. Co., 65 AD2d 39; Allen v Auto Specialties Mfg. Co., 45 AD2d 331; see, generally, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C302:20, p 87.) Whether the movant should have foreseen that his acts would have consequences in New York, however, is unclear.
The simple fact that title to goods is transferred to Makita USA outside this forum is not enough to defeat jurisdiction if it can be shown that the movant delivered its products into the stream of commerce with the expectation that they would be purchased by consumers in New York. (See World-Wide Volkswagen Corp. v Woodson, 444 US 286, 298; Darienzo v Wise Shoe Stores, supra, p 347.) While Makita USA is a New York corporation engaged in selling, promoting and servicing Makita’s products in New York, there is no evidence as to whether the movant’s knowledge and control thereof is such to establish foreseeability of forum consequences. Therefore a hearing is necessary to resolve this issue. (Grandoe Glove Corp. v Great Eastern Fin. Corp., supra.)
Accordingly, the above-defined jurisdictional issues will be heard before the Justice presiding in Special Term, Part 2, on April 20, 1983.
*211 Parenthetically, the translator’s certification accompanying movant’s reply affidavit has been properly executed. However, the reply affidavit itself lacks probative value in that it fails to comply with the requirements for showing valid execution of an affidavit taken without the State. (CPLR 2309; see, generally, 1 Carmody-Wait 2d, NY Prac, § 4:35.) This cannot change the result as the remaining evidence is not sufficient to support a finding of jurisdiction.