### VENNER v. MICHIGAN CENTRAL RAILROAD COMPANY.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO.

No. 190.    Argued January 28, 1926.—Decided April 26, 1926.

1. A suit against a railroad by a minority stockholder to enjoin the
   company from carrying out an agreement for obtaining additional
   equipment and issuing certificates therefor as permitted by an order
   of the Interstate Commerce Commission which the plaintiff assails

as invalid, is essentially a suit to set aside the order, of which a state court has no jurisdiction. P. 128.

2. Suits to set aside orders, mandatory or permissive, of the Interstate Commerce Commission can be brought only against the United States and only in the federal courts. P. 130.

Affirmed.

APPEAL from a decree of the District Court dismissing an injunction suit for want of jurisdiction.

*Mr. Frederick A. Henry* for appellant.

*Mr. S. H. West* for appellee.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

This is an appeal from a decree of a federal district court dismissing a suit for want of jurisdiction. The suit was begun in a state court and then removed into the federal court, on the defendant's petition, by reason of the diverse citizenship of the parties. Want of jurisdiction was adjudged because the court was of opinion that the suit was essentially one to annul or set aside an order of the Interstate Commerce Commission made under § 20a of the Interstate Commerce Act, c. 91, 41 Stat. 494; that the United States was a necessary defendant and had not consented to be sued in a state court; and that the removal did not give the federal court jurisdiction when the state court had none.

A short description of the suit as displayed in the plaintiff's amended bill will suffice to show its nature. The plaintiff is a minority stockholder of a railway company which owns and operates an interstate railroad, and that company is the sole defendant. The purpose with which the suit is brought is to enjoin the defendant company from carrying out an agreement with two other railroad companies under which the three, collectively

styled " New York Central Lines," are to acquire a large number of locomotives for use on their respective roads in both interstate and intrastate commerce; are to obtain money to pay for this equipment by issuing certificates, payable at intervals during a period of 15 years, with semi-annual dividend warrants representing interest; and are to covenant jointly and severally to pay rentals for the equipment sufficient to pay the certificates and dividend warrants as they mature. On application by the three companies pursuant to § 20a the Interstate Commerce Commission, after notice and investigation, made an order approving the agreement and authorizing the acts contemplated therein. The order was made the day before the suit was begun.

The plaintiff alleges in his amended bill that to issue the certificates and provide for their payment in the manner proposed will be in violation of the laws of the State wherein the defendant company was incorporated and of the other States into which its road extends, unless the approval of designated agencies of those States be secured; that such approval has not been and is not intended to be secured; and that the defendant company is relying on the order of the Interstate Commerce Comsion and is proceeding to carry out the agreement as approved by that order. He also alleges that the order and the provisions of § 20a, under which it was made, transcend the limits of federal power and encroach on the power of the States before named. The prayer is that the defendant company be enjoined from carrying out the agreement, notwithstanding its approval by the Interstate Commerce Commission under that section.

The defendant challenged the court's jurisdiction by a motion to dismiss on the grounds before stated, and it was on consideration of that motion that the decree of dismissal was entered. The decree was entered and the

present appeal was allowed prior to the change made in our appellate jurisdiction by the Act of February 13, 1925.

By § 20a the Commission is empowered to entertain an application by any carrier by railroad engaged in interstate commerce for authority to issue bonds or other evidences of indebtedness, or to assume obligations or liabilities as a lessor or lessee, or as a guarantor or surety of another carrier; and is further empowered, after notice to " the Governor of each State in which the applicant carrier operates " and on due investigation, to grant or refuse such authority in whole or in part, and thereafter, for good cause shown, to make such supplemental orders in the premises as it may deem necessary or appropriate. The section also provides: "(7) The jurisdiction conferred upon the Commission by this section shall be exclusive and plenary, and a carrier may issue securities and assume obligations or liabilities in accordance with the provisions of this section without securing approval other than as specified herein."

We agree with the court below that the suit is essentially one to annul or set aside the order of the Commission. While the amended bill does not expressly pray that the order be annulled or set aside, it does assail the validity of the order and pray that the defendant company be enjoined from doing what the order specifically authorizes, which is equivalent to asking that the order be adjudged invalid and set aside. *Lambert Run Coal Co.* v. *Baltimore & Ohio R. R. Co.*, 258 U. S. 377, 380, 382. Such a suit must be brought against the United States as the representative of the public and may be brought only in a federal district court. Judicial Code, §§ 208, 211; Act of October 22, 1913, c. 32, 38 Stat. 219; *Illinois Central R. R. Co.* v. *State Public Utilities Commission*, 245 U. S. 493, 504–505; *North Dakota* v. *Chicago & Northwestern Ry. Co.*, 257 U. S. 485, 487; *Texas* v. *Interstate Com-*

*merce Commission,* 258 U. S. 158, 164; *Lambert Run Coal Co.* v. *Baltimore & Ohio R. R. Co., supra.* That the order is not mandatory but permissive makes no difference in this regard. *Chicago Junction Case,* 264 U. S. 258, 263. And as the state court was without jurisdiction the federal court acquired none by the removal. *Lambert Run Coal Co.* v. *Baltimore & Ohio R. R. Co., supra.*

The plaintiff cites *Louisville & Nashville R. R. Co.* v. *Cook Brewing Co.,* 223 U. S. 70, and *Texas* v. *Eastern Texas R. R. Co.,* 258 U. S. 204, as showing jurisdiction below; but neither case is open to such an interpretation. In the first no order of the Commission was involved either directly or indirectly. In the second this Court dealt in a single opinion with two distinct proceedings. One was a suit to set aside an order of the Commission and was brought against the United States and a railroad company in the proper federal district court. The other was a prior and related suit brought in a state court against the railroad company and removed into another federal district court before the order was made by the Commission. Afterwards, when the order was made, its interpretation and operation were drawn in question in that suit. The question of jurisdiction with which we are concerned here was not raised there, and there is doubt that it could have been.

We hold that the dismissal for want of jurisdiction was right.

*Decree affirmed.*