A petition has been filed praying that the order recalling the peremptory writ of mandamus issued in this cause be vacated and set aside. It is asserted (1) that the Court has no power or jurisdiction to recall its peremptory writ; (2) that the action of recalling the peremptory writ cannot be taken by the Court on its own motion and without notice or hearing to relators; (3) that the Court disregarded the principle of res judicata and the rights of relators in basing its order recalling the writ on matters that were fully determined otherwise in the judgment awarding the peremptory writ; (4) that the grounds upon which the Court based its order are not sound; (5) that the Court cannot ignore (a) the absolute prohibition of abandonment without authority contained in Section 1, (18) of the Interstate Commerce Act; (b) the absolute right of the relators to have the abandonment in question stopped under the provisions of Section 1 (2) of the act; (c) that this Court acquired jurisdiction of the subject matter from the act of Congress whose *Page 1225 
purpose is to stop the illegal abandonment of any part of its line by an interstate carrier.
This Court at all times has control of its writs of mandamus. Counsel for the relators fully argued here that no effect should be given to the order of the Interstate Commerce Commission with reference to the writ issued by this Court. No principle of res judicata is violated by the recall of the writ of mandamus before its execution, when there is presented to this Court an order of the Interstate Commerce Commission which is inconsistent with the enforcement of the writ, since the Act of Congress, which the relators assert confers upon this Court its jurisdiction of the subject matter, expressly provides as stated in the former opinion that the State may "require just and reasonable freight and passenger service for intrastate business, except in so far as such requirement is inconsistent with any lawful order of the (Interstate Commerce) Commission made under the provision of this law."
This Court decided that the writ should issue on the showing then made, and the Supreme Court of the United States denied a writ of certiorari to such judgment. But before the writ was executed the order of the Interstate Commerce Commission that is inconsistent with the enforcement of the writ was made, and a certified copy of it was presented to this Court. The railroad track had been taken up, the line of road abandoned, and the service thereover discontinued, before the writ of mandamus was applied for; and the writ commanded the restoration of the line of road and of the service thereover, until permission shall have been lawfully obtained authorizing such discontinuance and abandonment. While the Act of Congress forbids the abandonment of any portion of its line of railroad by an interstate carrier, without a permit from the Interstate Commerce Commission, and gives relators the right toenjoin an abandonment contrary to *Page 1226 
the law, yet the same law expressly provides that State authority respecting intrastate railroad service must yield to a lawful order of the Interstate Commerce Commission made under the law affecting the same matter. The track of the railroad had been taken up and the line abandoned before the writ was asked for or issued. The writ of mandamus commanded restoration and construction is necessary to restoration. In proceedings before the Interstate Commerce Commission taken by the respondent seeking permission to construct the line of road ordered by the writ of mandamus to be restored, in which proceedings the relators and the public were given full opportunity to be heard, the Interstate Commerce Commission rendered an order holding "that there is no substantial necessity for construction of the proposed line" which had been ordered by the writ to be restored; and found upon evidence adduced "that the present and future public convenience and necessity are not shown to require the construction" of the dismantled and abandoned line of road that had been ordered by the writ to be restored. The order of the Interstate Commerce Commission denied the application for a certificate of public convenience and necessity for the construction of the line of railroad that had been taken up and abandoned and ordered restored by the judicial writ. Such order of the Interstate Commerce Commission did not ipso facto forestall the execution of the mandatory judicial writ; but the order being made under authority of the controlling act of congress, and being inconsistent with the enforcement of the writ of mandamus, the writ was properly recalled by the Court, since the paramount law provides that the State may require just and reasonable intrastate railroad service "except in so far as such requirement is inconsistent with a lawful order of the Commission;" and such an order when made cannot be reviewed by the State Court. The making of the order by the Interstate Commerce *Page 1227 
Commission under the dominant Act of Congress is the assertion of the paramount Federal authority, to which the exerted State authority operating upon the same subject should yield on its own initiative in order to avoid confusion of governmental regulations and in recognition of the dominant Federal authority in the premises. If the order of the Interstate Commerce Commission is not a "lawful order" that must be determined by the Federal Courts and not by the State Courts. Venner v. Mich. C. R. Co., 271 U.S. 127.
The recall of the writ comports with other considerations referred to in the former opinon. Even if there be no exact precedent for recalling the peremptory writ, the dominant Federal authority in the premises is asserted under a recent controlling Federal statute, and the discretionary writ of mandamus should be used to give effect to and not' to operate in conflict with orders made under the authority of the paramount law as and when such orders are promulgated. When the writ was issued, its enforcement was made contingent upon the making of an inconsistent order in the premises by the dominant Federal authority. Such an order has been made.
Petition denied.
BUFORD, C.J., AND WHITFIELD, TERRELL AND BROWN, J. J., AND KOONCE, Circuit Judge, concur.
ELLIS, J., concurs specially.
DAVIS, J., disqualified.