## STATE OF GEORGIA v. SOUTHERN RY. CO.

### No. 5.

District Court, N. D. Georgia.

Nov. 18, 1938.

M. J. Yeomans, Atty. Gen. of Ga., and O. H. Dukes, W. H. Duckworth, and B. D. Murphy, Asst. Attys. Gen. of Ga., for plaintiff.

Neely, Marshall & Greene and Rembert Marshall, all of Atlanta, Ga., for defendant.

UNDERWOOD, District Judge.

The above case came on to be heard upon motion to remand and was duly heard both upon oral argument and by briefs.

The petition alleges a cause of action based upon a State statute granting a charter to Atlanta & Florida Railway Company, defendant's predecessor in title to certain railway properties now sought to be abandoned, by which charter, petitioner maintains, said Railway Company and defendant assumed obligations of a contractual nature which defendant was about to breach by abandonment of a part of the line of railway required by said charter to be operated.

Petitioner's case is based solely on this State statute, although petitioner goes further than the bare statement of its cause of action and sets forth a defense which it anticipates will be made by defendant.

The anticipatory defense referred to in the petition is that defendant may claim, as it has done in this hearing, that plaintiff's cause of action has been destroyed by an order of the Interstate Commerce Commission granting defendant permission to abandon said tracks, passed in proper form and in the exercise of a power granted by Federal statute.

Defendant claims that the petition, with the allegation with respect to the anticipatory defense, amounts to a cause of action arising under the constitution and laws of the United States and that, as such, is removable to this Court.

■ It is settled law that "to bring a cause within the [removal] statute [Jud. Code § 28, 28 U.S.C.A. § 71], a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. * * * And the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. * * Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense." Gully v. First National Bank, 299 U.S. 109, 112 and 113, 57 S.Ct. 96, 97, 81 L.Ed. 70.

See also Tennessee v. Union & Planters' Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511; Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126, and many other cases.

■ "A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction or effect of such law, upon the determination of which the result depends." Shulthis v. McDougal, 225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205.

The principal cases relied on by defendant; Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671, and Venner v. Michigan Central R. Co., 271 U.S. 127, 46 S.Ct. 444, 70 L.Ed. 868, did not directly involve the question of removal, since they were properly removed on the ground of diversity of citizenship; but in those cases the court held, when the actual facts were disclosed, that it was without jurisdiction because the suits were, in substance, actions to stay Interstate Commerce Commission orders. In the Lambert Case it was a fact that plaintiff was actually attempting to enjoin an Interstate Commerce Commission order, though it was not so expressly stated in the petition. In the Venner Case the plaintiff did not proceed on any affirmative right created by State statute or contract but merely upon the negative assertion that the defendant had not secured the approval of designated agencies of the State to issue certain securities although the Interstate Commerce Commission had authorized their issue.

■ In the suit at bar, plaintiff insists that it has a right granted by the State statute, which in fact was a contract between the State and defendant, and that the fact that the Interstate Commerce Commission had authorized the abandonment of the lines in question would not defeat its right under the State statute.

Thus it is seen that plaintiff relies wholly upon the State statute as the source of its right, and in no way relies upon any order of the Interstate Commerce Commission or Federal statute or the Federal constitution, though it anticipates defendant's defense that the Interstate Commerce Commission's order may defeat its right.

The defense does not go to the question of the source of the right, but really goes only to the question as to whether or not such right has been annulled or abrogated by the order of the Interstate Commerce Commission. In my opinion, this presents an anticipatory defense and not an essential element of plaintiff's case as set out in its petition.

The fact that plaintiff's petition may not set out a good cause of action because the State statute sued upon may have been annulled or rendered ineffective by Federal action, or that the permission given by the order of the Interstate Commerce Commission may be an absolute defense to the suit, does not establish that the asserted cause of action arose under a Federal law or is a proceeding to annul an order of the Interstate Commerce Commission, but only demonstrates that the suit could not be maintained at all.

■ "It is not enough, as the law now exists, that it appears that the defendant may find in the Constitution or laws of

the United States some ground of defense. Louisville & Nashville Railroad v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. [126], and cases cited. If the defendant has any such defense to the plaintiff's claim, it may be set up in the state courts, and, if properly set up and denied by the highest court of the state, may ultimately be brought to this court for decision." In re Winn, 213 U.S. 458, 465, 29 S.Ct. 515, 516, 53 L.Ed. 873.

By unimpeachable authority a suit brought upon a state statute does not arise under an Act of Congress or the Constitution of the United States because prohibited thereby. Gully v. First National Bank, 299 U.S. 109, 116, 57 S.Ct. 96, 81 L.Ed. 70.

Therefore, it is considered, ordered and adjudged that the motion to remand in this case be and same hereby is sustained and the case remanded to the State court from which it was removed.