■     MAE TSIMENIS et al., Respondents-Appellants, v. NEW YORK CENTRAL RAILROAD COMPANY, Now Known as PENN CENTRAL COMPANY, et al., Appellants-Respondents.— Order entered June 30, 1967, unanimously modified on the law to the extent of reversing that part thereof which denied defendants' cross motion for summary judgment to dismiss the second cause of action of the complaint and which dismissed the first affirmative defense; the defendants' cross motion for summary judgment dismissing the second cause of action is granted and said cause is dismissed; the first affirmative defense is reinstated; and as so modified the order is affirmed, with $50 costs and disbursements to defendants. Under section 5 of the Interstate Commerce Act (U. S. Code, tit. 49, § 5) and the precedents of the United States Supreme Court, no permissible challenge of the extension of the Operating Agreement remained after approval by the Interstate Commerce Commission and of the Peoria stockholders. Subdivision (11) of section 5 of the act provides that the authority of the commission, vis-a-vis intercarrier transactions and arrangements, is " exclusive and plenary ", independent of any State restraints and limitations. The full sweep of this authority, specifically the supremacy of Federal law as to intercarrier transactions requiring commission approval, has been ratified by *Schwabacher* v. *United States* (334 U. S. 182). In the instant case, the subject agreement has been approved by the commission as " just and reasonable, and that the transaction will be consistent with the public interest ". This approval followed hearings before the commission wherein the Peoria minority interests were represented. Further, the Supreme Court has held that the interests of minority stockholders are protected by the test under the Interstate Commerce Act that the terms " must be found to be just and reasonable ". (*Schwabacher, supra,* pp. 198–199.) And in our case, the agreement has been further approved by two thirds of the Peoria stockholders. The duality of the directorships is no longer a question for the State courts, if it ever was, because the commission had knowledge of the control of Peoria by Central by virtue of ownership of capital stock and a majority membership on the board of directors of Peoria. And the legal fact that the commission's order is " permissive " is of no moment. (*Venner* v. *Michigan Cent. R. R. Co.,* 271 U. S. 127, 131.) Concur — Eager, J. P., Steuer, McGivern and Nunez, JJ.

■     THOMAS I. FITZGERALD, Public Administrator of the County of New York, as Administrator of the Estate of CARL P. BLUME, Deceased, Respondent, v. AMERICAN TRADING AND PRODUCTION CORPORATION, Appellant.— Order entered July 1, 1969 unanimously affirmed, without costs and without disbursements, and without prejudice to a motion for a further examination by defendant upon completion of the examination of defendant. Concur — Stevens, P. J., Markewich, Nunez and Tilzer, JJ.