SHAREHOLDERS MANAGEMENT
COMPANY et al., Plaintiffs-
Appellants,

v.

Fred F. GREGORY et al., Defendants-
Appellees.

No. 25270.

United States Court of Appeals,
Ninth Circuit.

Aug. 27, 1971.

James C. Powers (argued), of Agnew, Miller, Carlson & Powers, Los Angeles, Cal., for plaintiffs-appellants.

Richard L. Noble (argued), Frank Punelli, Jr., of Harris, Noble, McCormac & Uhler, Los Angeles, Cal., for defendants-appellees.

Before MERRILL and HUFSTEDLER, Circuit Judges, and COPPLE,* District Judge.

PER CURIAM:

Appellants Shareholders Management Company ("Shareholders") and others brought a declaratory relief action in the district court seeking an adjudication of the validity of a claimed federal defense to an action in a state court in California filed against them by the appellees. In the state court action, appellees sued appellants, claiming that appellants had interfered with the performance of a contract between appellees and appellant Sprinkel, former president of Shareholders, whereby Sprinkel agreed

* Honorable William P. Copple, United States District Judge, Phoenix, Arizona, sitting by designation.

to sell to appellees stock in Shareholders that Sprinkel had acquired by exercising an option Sprinkel had obtained from Shareholders. In the federal suit, appellants averred that Shareholders was justified in refusing to issue stock to enable the contract between Sprinkel and the appellees to be performed because the issuance would have violated certain rules of the National Association of Securities Dealers, Inc. ("NASD") which, appellants say, have the force and effect of law pursuant to the Securities Exchange Act of 1934. Upon motion of the appellees, the district court dismissed the declaratory relief action for want of federal jurisdiction.

We perceive no jurisdictional barrier to the state court's entertaining and adjudicating the merits of appellants' defense based on the interpretation of the Securities Exchange Act of 1934. Cf. Aetna State Bank v. Altheimer (7th Cir. 1970) 430 F.2d 750. We are equally convinced that there was no lack of federal jurisdiction to entertain the declaratory relief action at least to determine whether violation of the NASD rules presented a federal question. In making these observations, however, we do not wish to be understood as expressing any opinion upon the merits of appellants' contention that the NASD rules have the vitality of federal law. The case is not yet ripe for that determination, and the issue could conceivably become moot during the course of trial of the state court action.

If the state court should refuse to entertain the claimed federal defense, despite its jurisdiction to do so, the appellants should not be deprived of a federal forum in which to test its defense. We have concluded that the appropriate disposition of the matter is that adopted in Aetna State Bank v. Altheimer, *supra*, 430 F.2d 750: The federal action should not be dismissed; rather, it should be stayed pending the disposition of state court litigation, including the final determination of the claimed federal defense. Accordingly, we reverse the judgment dismissing the action and remand it for further proceedings consistent with the views herein expressed.