**HAMPTON HOUSE MANAGEMENT CORP., Plaintiff,**

v.

**Naima M. SALEH, Defendant.**

**No. 73 Civ. 1441.**

United States District Court,
S. D. New York.

April 13, 1973.

Kirschenbaum & Shapiro, New York City, for plaintiff, by Stephen Kirsch-

**592**

enbaum, and J. Robert Ellner, New York City, of counsel.

Hardee, Barovick & Konecky, New York City, for defendant, by Joseph J. Santora, and Robert B. Kay, New York City, of counsel.

## MEMORANDUM

POLLACK, District Judge.

The defendant applied to this Court for a preliminary injunction against the effectiveness of a State Court injunction *pendente lite* entered at the instance of the plaintiff.

The papers on the motion before this Court show that: Defendant is the owner in fee of certain real property of which plaintiff is the net lessee. Basically at issue between the parties is the question of rent due under the lease. By letter dated March 6, 1973 the District Director of Internal Revenue made findings (1) concerning the ceiling rent of the premises in question for both Phase I and Phase II of the federal economic stabilization program and (2) allowing the defendant certain increases in the rent payable. He also informed the parties that his determination might be appealed to the Cost of Living Council. The plaintiff took such an appeal. Pending the outcome of that appeal, plaintiff brought an action in the New York Supreme Court seeking "an order staying defendant from enforcing its demand for increased rent pending the final determination by the appropriate agency of the United States of America of the lawful rent to be paid by plaintiff to defendant, and staying defendant from terminating plaintiff's leasehold" by forfeiture for non-payment of the disputed amount claimed as additional rent. This may in turn depend on the outcome of, and issuance of a final order in, a proceeding before the Federal authorities administering the Economic Stabilization Act of 1970. The Internal Revenue Service neither was nor is a party to this action, and would in no way be affected by its outcome or by any order heretofore or hereinafter entered in the State Court.

On the motion for a temporary injunction, Mr. Justice Samuel J. Silverman of the Supreme Court, while expressly recognizing that he could not interfere with the determination of federal administrative authorities, *and in no way purporting to do so*, enjoined "the sending of any further notice of termination of the leasehold by defendant until the price control dispute is finally determined by the federal authorities." It appears that the State Court viewed this case as purporting to be merely a simple landlord and tenant matter, wholly within the jurisdiction of the State Courts. The State Court did not purport to act pursuant to federal law, nor did it invoke or purport to review any federal order or regulation but, as it stated, it acted to protect "the rights of parties to a leasehold, a matter traditionally subject to adjudication in the State Courts." It cannot be gainsaid that the New York State Supreme Court has general original jurisdiction over landlord-tenant controversies.

Thereafter, on April 4, 1973 defendant removed this case from the Supreme Court of the State of New York to this Court, allegedly under the authority of 28 U.S.C. § 1441, asserting the sole ground for removal to be that the subject matter was exclusively cognizable in a federal District Court, conceiving it to be a "controversy [which] involves a dispute over a final determination of the United States Internal Revenue Service which interpreted federal regulations promulgated pursuant to the Economic Stabilization Act of 1970 (Pub.L. No. 91–379, as amended by Pub.L. No. 92–210)." This was a conception which the State Court did not share.

■ Assuming for the moment that the defendant's conception of this case was correct, removal jurisdiction would in any event be lacking. If the case were as defendant believes it to be, § 211(a) of the Economic Stabilization Act of 1970, as amended, would indeed vest exclusive original jurisdiction in the District Court. However, defendant

overlooks the exception expressly provided by that same section:

> [N]othing in this subsection . . . affects the power of *any court of competent jurisdiction* to consider, hear, and determine any issue *by way of defense* (other than a defense based on the constitutionality of this title or the validity of action taken by any agency under this title) raised in any proceeding before such court. (emphasis added).

Thus, while the District Court enjoys exclusive jurisdiction to entertain an *original* action arising under the 1970 Act, it shares concurrent jurisdiction with the State Court to hear *defenses* predicated on the Act when raised in actions originally brought on other theories. This situation is neither unique nor offensive to traditional notions of federalism, preemption or supremacy; it is likewise the practice in matters arising under the Securities Exchange Act of 1934. *See, e. g.,* Aetna State Bank v. Altheimer, 430 F.2d 750, 754 (7th Cir. 1970) (quoting Professor Loss); *accord,* Shareholders Management Co. v. Gregory, 449 F.2d 326 (9th Cir. 1971) (per curiam); *cf.* Myer v. Shields & Co., 25 A.D.2d 126, 267 N.Y.S.2d 872 (1st Dep't 1966). In the State Court action herein, plaintiff is not seeking any determination concerning any federal agency action; should defendant wish to assert such a claim, the statute expressly authorizes its adjudication by the State Court.

 The defendant relies on the exception to the exception contained in § 211(a) which authorized removal

> If in any such proceeding [in a court of competent jurisdiction rather than a United States District Court] an issue *by way of defense* is raised based on the constitutionality of this title or the *validity* of agency action under this title, the case shall be subject to removal by either party to a district court of the United States. (emphasis added)

Once again, the pertinent inquiry is whether the issue is raised "by way of defense." The short answer is that plaintiff does not question either the constitutionality of the Act or the validity of the Internal Revenue Service action; only its finality. Rather, the plaintiff implicitly embraced the validity and legitimacy of the agency action by seeking to have the defendant enjoined "pending the final determination by the appropriate agency of the United States of America." Defendant certainly does not and, in point of fact cannot, question the validity of the agency action; indeed, its demand is predicated on an assumption thereof. Defendant merely differs from plaintiff on this point in that she belives the determination to be a final one at this point in time. Thus, removal under this exception would be improper.

Defendant is not helped by her strong reliance on § 211(d)(1) of the 1970 Act, which provides that "no regulation [or order] of any agency exercising authority under this title shall be enjoined or set aside· . . ." unless certain criteria are met. The key fact is that the State Court has in no way purported or attempted to even review, let alone enjoin or set aside, any regulation or order of any federal agency; it has merely acted to protect the property rights of parties properly before it, who also happen to hold differing views about the correctness of an Internal Revenue Service determination.

 If the federal court were possessed of exclusive jurisdiction of this controversy (the ground on which removal was predicated), the State Court would be without jurisdiction to entertain this action. However, as a necessary consequence thereof, this Court would likewise obtain no jurisdiction by a removal. "When a cause is removed from a state court into a federal court, the latter takes it as it stood in the former. A want of jurisdiction in the state court is not cured by the removal, but may be asserted after it is consummated." General Investment Co. v. Lake

**594**

Shore & M. S. Ry., 260 U.S. 261, 287–288, 43 S.Ct. 106, 117, 67 L.Ed. 244 (1922). This is so despite the fact that the federal court would have had jurisdiction over a like suit originally brought there. Lambert Run Coal Co. v. Baltimore & Ohio R. R., 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671 (1922); *accord,* Venner v. Michigan Central R. R., 271 U.S. 127, 46 S.Ct. 444, 70 L. Ed. 868 (1926); Friedr. Zoellner (New York) Corp. v. Tex Metals Co., 396 F.2d 300 (2d Cir. 1968); Liquid Carriers Corp. v. American Marine Corp., 375 F. 2d 951 (2d Cir. 1967); Iodice v. Calabrese, 291 F.Supp. 592 (S.D.N.Y.1968).

It plainly appears that defendant removed this case to this Court under a misconception of its purpose and in the absence of any federal question jurisdiction. No other basis of jurisdiction has been asserted.

The case should be and is remanded to the State Court.