516 F.2d 29
 BANCOHIO CORPORATION and the Ohio National Bank, Petitioners,
v.
Honorable Noel P. FOX, Chief Judge of the United States
District Court for the Western District of
Michigan, and Seidman & Seidman, Respondents.
 No. 74-2269.
 United States Court of Appeals,
Sixth Circuit.
 May 8, 1975.
 
 Ellis H. McKay, Marc L. Swartzbaugh, Kathleen B. Burke, Jones, Day, Cockley & Reavis, Cleveland, Ohio, Laurence D. Smith, Smith, Haughey, Rice, Roegge & Gould, Grand Rapids, Mich., for petitioners.
 John Milanowski, U. S. Atty., Roger M. Clark, Grand Rapids, Mich., for respondents.
 Before CELEBREZZE, MILLER and LIVELY, Circuit Judges.
 WILLIAM E. MILLER, Circuit Judge.
 
 
 1
 This is a petition for the writ of mandamus or prohibition addressed to Judge Fox of the United States District Court for the Western District of Michigan to require him to dismiss without prejudice a complaint for want of subject matter jurisdiction.
 
 
 2
 On March 7, 1974, petitioners filed an action against the accounting firm of Seidman & Seidman in a Michigan state court, seeking recovery because of the alleged fraud and negligence of the accounting firm in preparing the financial statements of Equity Funding Corporation of America, a California company presently in Chapter X reorganization.[1] Defendant Seidman & Seidman removed the case to the United States District Court for the Western District of Michigan, Southern Division, where it was assigned to Chief Judge Fox.
 
 
 3
 On March 14, 1974 petitioners filed a motion to remand for alleged want of federal jurisdiction. This motion was denied on August 28, 1974, Judge Fox holding that the case was properly removed to the federal court both by reason of diversity of citizenship and because, under the Securities and Exchange Act of 1934, 15 U.S.C. Secs. 78a-78hh, "the federal district courts . . . have exclusive jurisdiction over a case such as this."
 
 
 4
 In view of the holding of Judge Fox that the case was within the exclusive jurisdiction of the federal courts, petitioners filed a motion to dismiss the case without prejudice for want of jurisdiction of the subject matter. This motion was based upon the ground that a federal court's jurisdiction on removal is derivative, giving the federal court only such jurisdiction as the state court had. This motion was also denied.
 
 
 5
 On October 7, 1974, the Judicial Panel on Multi-district Litigation issued a conditional transfer order, transferring the underlying action to the Central District of California, where a large number of Equity Funding cases have been consolidated pursuant to 28 U.S.C. Sec. 1407. See In re Equity Funding Corp. of America Securities Litigation, 375 F.Supp. 1378 (Jud.Pan.Mult.Lit.1973). Petitioners opposed the conditional order and moved to have it vacated. Upon being notified of the present petition for the writ of mandamus, the Panel issued an order staying its decision on petitioners' motion to vacate the conditional transfer order, pending a determination by this Court of the petition for the writ of mandamus.
 
 
 6
 Petitioners argue that, since, as the district court held, the subject matter of the action is in the exclusive jurisdiction of the federal courts, the state court from which the case was removed had no jurisdiction. This being so, the district court, it is insisted, had no jurisdiction, as removal jurisdiction is derivative in nature, being dependent upon the existence of jurisdiction in the state court from which the case is removed.
 
 
 7
 A virtually unbroken line of cases has ruled that "if the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." Lambert Run Coal Co. v. Baltimore & O. RR. Co., 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922). See also Freeman v. Bee Machine Co., Inc., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943); Warner Bros. Records, Inc. v. R. A. Ridges Distributing Co., 475 F.2d 262 (10th Cir. 1973); Washington v. American League of Professional Baseball Clubs, 460 F.2d 654 (9th Cir. 1972); Federal Savings & Loan Insurance Corp. v. Quinn, 419 F.2d 1014 (7th Cir. 1969); Koppers Co. v. Continental Casualty Co., Inc., 337 F.2d 499 (8th Cir. 1964).
 
 
 8
 These cases have made it perfectly clear that, in areas in which the federal courts have exclusive jurisdiction, a district court to which a case is removed must dismiss the action without prejudice for want of jurisdiction of the subject matter. See also Parmelee v. Ackerman, 252 F.2d 721 (6th Cir. 1958). This is in keeping with the provision of F.R.Civ.P. 12(h)(3) that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Thus, unless it can be demonstrated that the present situation is distinguishable, the district court in this case lacked subject matter jurisdiction and should have dismissed the action.
 
 
 9
 In seeking to avoid this rule respondent first contends that Judge Fox has not held that the state court in which the action was originally filed lacked subject matter jurisdiction. To support this claim the following excerpt from Judge Fox's opinion is relied upon:
 
 
 10
 The court is not stating that there are no state causes of action which could be based on the facts alleged. But plaintiffs have not framed their complaint so as to preclude the federal question. Thus both the federal and state claims, if any, are removed the state claim is clearly pendent to the federal.
 
 
 11
 If the complaint should be construed as asserting claims for recovery both under state common law principles and under the Securities and Exchange Act of 1934, it is clear that a federal court would not acquire jurisdiction of the entire case by removal. This is true for the reason that the federal court could not acquire jurisdiction by removal of a claim of which the state court had no jurisdiction, exclusive jurisdiction of the claim being expressly vested in federal courts by statutory provisions. For this reason, the above quoted language from Judge Fox's opinion that the federal and state claims are removable, in that the state claim is clearly pendent to the federal claim, appears to us to be manifestly erroneous. If such were the law, the Lambert Run rule would be nullified in any case in which the complaint was framed in such way as to allege both state and federal claims where, by statute, jurisdiction of the federal claim lies exclusively with the federal courts. Aside from the language from Judge Fox's opinion quoted above, it is apparent from a consideration of the opinion as a whole that he construed the complaint as stating a federal claim under the Securities and Exchange Act of 1934, and that he was thus of the opinion that "the federal district courts . . . have exclusive jurisdiction over a case such as this." That this was his interpretation of the complaint is made apparent from his efforts to avoid the application of the Lambert Run rule. His refusal to dismiss the complaint was based upon his conclusion that policy considerations dictated that the case belonged in federal court and that the Lambert Run rule "can lead to absurd results . . . and is not always in the best interests of practical judicial administration."
 
 
 12
 It is also argued that the rule requiring dismissal of a case such as this is inapplicable because "Judge Fox has held that removal was proper on the wholly separate jurisdictional ground" of diversity of citizenship. The answer to this argument is that if the state court had no jurisdiction of the federal claim, a federal court under the Lambert Run rule could not acquire jurisdiction upon removal of such a claim simply because diversity of citizenship existed in such way that federal jurisdiction in other situations could be invoked on that basis. If the federal claim is one of which federal courts are vested with exclusive jurisdiction, the Lambert Run rule would preclude federal courts from acquiring jurisdiction of the claim by removal from a state court, whether the federal court's removal jurisdiction is invoked on the basis of diversity of citizenship or on the basis of the existence of a federal question. Venner v. Mich. Cent. R. R. Co., 271 U.S. 127, 46 S.Ct. 444, 70 L.Ed. 868 (1926).
 
 
 13
 Neither does the statute on multidistrict litigation, 28 U.S.C. Sec. 1407, compel a different result. No matter how desirable respondents feel it may be to consolidate in California all litigation in any way related to Equity Funding, there is nothing in the applicable statute to provide an exception to the rules normally governing removal of cases from state courts. Such a transfer cannot be made unless the district court properly has jurisdiction of the subject matter of the case. Here there is no such jurisdiction.
 
 
 14
 We turn to the question whether this Court should issue a writ of mandamus and/or prohibition directing Judge Fox to enter an order dismissing the case without prejudice.
 
 
 15
 The All Writs Act, 28 U.S.C. Sec. 1651(a) authorizes courts of appeals to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The power to issue a writ of mandamus pursuant to the statute is to be utilized only in exceptional circumstances. Black v. Boyd, 248 F.2d 156 (6th Cir. 1957), Tennessee v. Taylor, 169 F.2d 626 (6th Cir. 1948). The Supreme Court has stated that:
 
 
 16
 (t)he traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943).
 
 
 17
 This standard has been held to have been met where "the court was not authorized to retain jurisdiction and should have sustained the various motions to dismiss . . . ." Tennessee v. Taylor, 169 F.2d at 638. See also Erie Bank v. United States District Court, 362 F.2d 539 (10th Cir. 1966). This is not to say that mandamus is appropriate at any time there is an issue of subject matter jurisdiction. Issuance of the writ is appropriately denied where the question of jurisdiction is factually and legally difficult. Massey-Harris-Ferguson, Ltd. v. Boyd, 242 F.2d 800 (6th Cir.) cert. denied 355 U.S. 806, 78 S.Ct. 48, 2 L.Ed.2d 50 (1957). The jurisdictional question in the present case, however, can in no way be characterized as difficult. Rather, this case falls within the rule expressed in Holub Industries, Inc. v. Wyche, 290 F.2d 852, 855 (4th Cir. 1961), quoting from American Airlines v. Forman, 204 F.2d 230, 232 (3d Cir. 1953):
 
 
 18
 * * * The challenged assumption or denial of jurisdiction must be so plainly wrong as to indicate failure to comprehend or refusal to be guided by unambiguous provisions of a statute or settled common law doctrine. If a rational and substantial legal argument can be made in support of the questioned jurisdictional ruling, the case is not appropriate for mandamus or prohibition even though on normal appeal a reviewing court might find reversible error. * * *
 
 
 19
 Since the federal court lacked jurisdiction of the federal claim, it follows that it was without jurisdiction of both claims. This is true because the two claims are so closely interwoven that their separation would be impracticable if not impossible. We are compelled, therefore, to conclude under the mandate of the Lambert Run rule that the petition for mandamus is well taken and that the writ should accordingly issue.
 
 
 20
 The petition for the writ of mandamus is therefore hereby granted and respondent is ordered to dismiss the action without prejudice.
 
 
 
 [1]
 Although the complaint does not specifically invoke the Securities and Exchange Act of 1934, the complaint, when read in its entirety, can be construed as asserting both claims for recovery under that Act as well as on the basis of a state claim for common law fraud and negligence