## THE ARIZONA.

### No. 20829.

District Court, W. D. Washington, N. D.
Jan. 23, 1934.

832

Chas. A. Wallace, of Seattle, Wash., for plaintiff.

Ralph S. Pierce and Edmund Stafford, both of Seattle, Wash., for defendants.

CUSHMAN, District Judge.

■ In so far as the suit is one arising under title 46 USCA § 688, it is not removable. Title 45 USCA § 56; Title 28 USCA § 71. The citation of authority to this effect is unnecessary.

While jurisdiction over the vessel may not have attached by any actual seizure, the question of whether there was jurisdiction in the state court concerning the subject-matter of the suit as touching the vessel should be first considered. In the brief filed upon the part of the defendants appear the following statements:

"* * * Since the complaint alleges a maritime tort which occurred upon the navigable waters of Puget Sound in the State of Washington, we believe that the action as drawn is exclusively within the jurisdiction of the Admiralty Court.

"* * * It was decided in the case of The Moses Taylor, 4 Wall. 411, 18 L. Ed. 397, that the provision saving common law remedies does not include proceedings in rem.

"* * * It has been held that whenever any lien is given by a State statute for a cause of action cognizable in admiralty, either in rem or in personam, proceedings in rem to enforce such lien are within the exclusive jurisdiction of the admiralty court and the State statute to the extent that it provides for a proceeding in rem and for a sale of the vessel is unconstitutional and void. * * *"

■ There being no jurisdiction in the state court over the suit in so far as it is one in rem against the vessel, there was nothing in the state court to remove to this court, and the order, in so far as the vessel is concerned, should be one of dismissal without prejudice for want of jurisdiction. Venner v. Mich. Cent. R. Co., 271 U. S. 127, 46 S. Ct. 444, 70 L. Ed. 868; Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 258 U. S. 377, 42 S. Ct. 349, 66 L. Ed. 671; General Investment Company v. Lake Shore & M. S. R. Co., 260 U. S. 261, 286–288, 43 S. Ct. 106, 67 L. Ed. 244.

■ The suit in rem being dead in the state court, it had no life with which to hold in this court the suit in personam, the removal of which is forbidden. To the extent the suit is one in personam, it will be remanded.

Any order hereon will be settled upon notice, and the clerk is directed to notify the attorneys for the parties of the foregoing ruling.