**In re Shirley IVY, et al., Petitioners.**

**Shirley IVY Individually and as Representative of the Estate of Donald Ivy, Deceased; Charles Jardon, and Tony K. Jardon Individually and as Next Friend of Charles Jardon, Jr., Robin Jardon, Warren Jardon and Sharon Jardon;** **Verda Wilson Individually and as Representative of the Estate of Isaiah Wilson, Jr., Deceased; Shirley Salewaski Individually and as Representative of the Estate of Yen Salewaski, Deceased; Gary Thomas; Mary Lee Thomas; James L. Kent; Emma I. Kent; Charles Brown; Dawn Marie Inman Individually and as Representative of the Estate of Bobby Joe Inman, Deceased; Earl Thompson; Judy L. Thompson; James Donald Deloatch; Joyce Deloatch; Peggy Sands Individually and as Representative of the Estate of Martin Sands, Deceased; Emile Annibolli; Ursula Margot Parry Individually and as Representative of the Estate of James D. Parry, Sr., Deceased; James D. Parry, Jr.; James Christopher Parry; Laura Jenkins Individually and as Representative of the Estate of Eddie Jenkins, Deceased; and James White Individually and as Representative of the Estate of Clarence White, Deceased, And All Named Plaintiffs Sue Individually and as Representatives of Those Similarly Situated, Plaintiffs–Petitioners,**

v.

**DIAMOND SHAMROCK CHEMICALS COMPANY, a/k/a Diamond Shamrock Refining & Marketing Company and a/k/a Occidental Electro Chemical Corporation and a/k/a Maxus Energy Corporation and a/k/a Occidental Chemical Corporation and a/k/a Diamond Shamrock Company; and the Dow Chemical Company; Monsanto Company; Uniroyal Inc.; Hercules Inc.; Thompson–Hayward Chemical Company, a/k/a Thompson Chemicals Corporation; and T.H. Agriculture & Nutrition Company, Inc., Defendants–Respondents.**

Docket No. 90–3007.

United States Court of Appeals, Second Circuit.

Submitted Feb. 13, 1990.

Decided March 28, 1990.

**8**

Melissa Chappell–White, Laxalt, Wash., Perito & Dubuc, Robert M. Hager, Washington, D.C., for plaintiffs-petitioners.

Before LUMBARD, CARDAMONE and WINTER, Circuit Judges.

WINTER, Circuit Judge:

Plaintiffs-petitioners seek a writ of mandamus under 28 U.S.C. § 1407(e) (1982) and Fed. R. App. P. 21 directing the Judicial Panel on Multidistrict Litigation (the "MDL Panel") to vacate its order transferring this action to the United States District Court for the Eastern District of New York. We deny the petition.

Petitioners filed this action against various chemical companies in a Texas state court in May 1989, claiming harm from exposure to Agent Orange and other herbicides during the Vietnam conflict. Al-

though the complaint expressly disavowed any federal-law basis for the suit, defendants-respondents removed the case to the United States District Court for the Eastern District of Texas in June 1989. After filing their notice of removal, respondents asked the MDL Panel to transfer the case from the Eastern District of Texas to the Eastern District of New York for consolidated or coordinated pretrial proceedings in *In re "Agent Orange" Product Liability Litigation*, MDL No. 381. On July 7, 1989, the MDL Panel issued a Conditional Transfer Order to this effect.

Before the MDL Panel, petitioners moved to vacate the Conditional Transfer Order. They also moved in the Eastern District of Texas to remand the action to the Texas state court, but the district court declined to rule on the remand motion, stating that it would defer to the decision of the MDL Panel. The MDL Panel thereafter heard oral argument on petitioners' motion to vacate the Conditional Transfer Order, and, on October 4, 1989, issued a Transfer Order transferring the action to the Eastern District of New York. That order is the subject of the present proceeding.

The MDL Panel based its decision to transfer on its findings

that *Ivy* involves common questions of fact with the actions in this litigation previously transferred to the Eastern District of New York, and that transfer of *Ivy* ... for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

*In re "Agent Orange" Prod. Liab. Litig.*, No. 381, slip op. at 1 (J.P.M.D.L. Oct. 4, 1989) (transfer order for *Shirley Ivy v. Diamond Shamrock Chem. Co.*, No. B–89–00559–CA (E.D.Tex.)). The MDL Panel also noted that the plaintiffs' motion to remand to Texas state court could be heard and decided by the transferee judge, Judge Weinstein of the Eastern District of New York. *Id.*

Plaintiffs failed, however, to move before Judge Weinstein to remand to state court. Instead, they petitioned us for a writ of mandamus directing the MDL Panel to vacate the transfer order on the ground that there is no federal subject matter jurisdiction. For the reasons stated below, we deny the petition.

Section 1407(e) states in pertinent part:

No proceedings for review of any order of the panel may be permitted except by extraordinary writ pursuant to the provisions of title 28, section 1651, United States Code.... Petitions for an extraordinary writ to review an order to transfer or orders subsequent to transfer shall be filed only in the court of appeals having jurisdiction over the transferee district.

28 U.S.C. § 1407(e) (1982).

 Plaintiffs argue that if the removal was improper because of a lack of federal subject matter jurisdiction, then the transfer by the MDL Panel was invalid. We believe that argument mischaracterizes the issue. Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand. *See In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 368 F.Supp. 812, 813 n. 1 (J.P.M.D.L.1973) (per curiam) (citing 28 U.S.C. § 1407). Moreover, Section 1407(e) authorizes us to review only certain orders of the MDL Panel, including the order to transfer. We believe, therefore, that the sole issue before us is the merits of the transfer viewed against the purposes of the multidistrict statutory scheme, whether or not there is a pending jurisdictional objection. So viewed, the transfer was entirely unobjectionable.

Section 1407 was intended to promote the "just and efficient conduct" of the actions transferred. *See* H.R.Rep. No. 1130, 90th Cong., 2d Sess., *reprinted in* 1968 U.S. Code Cong. & Admin.News 1898, 1900. The legislative history indicates that to qualify for transfer, civil actions must meet three criteria:

[F]irst, they must involve one or more common questions of fact; second, they must be pending in more than one district, and third, pretrial consolidation must promote the "just and efficient conduct" of such actions and be for "the convenience of parties and witnesses." It is expected that such transfer is to be ordered only where significant economy and efficiency in judicial administration may be obtained. The types of cases in which massive filings of multidistrict litigation are reasonably certain to occur include ... products liability actions....

*Id.*

Agent Orange cases are particularly well-suited for multidistrict transfer, even where their presence in federal court is subject to a pending jurisdictional objection. The jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation. That issue, however, involves common questions of law and fact, some or all of which relate to the Agent Orange class action and settlement, *see In re "Agent Orange" Prod. Liab. Litig.,* 611 F.Supp. 1396 (E.D.N.Y.1985), *aff'd in part, rev'd in part,* 818 F.2d 179 (2d Cir.1987), *cert. denied,* 487 U.S. 1234, 108 S.Ct. 2899, 101 L.Ed.2d 932 (1988), and there are real economies in transferring such cases to Judge Weinstein, who has been handling the Agent Orange litigation for several years, *see In re "Agent Orange" Prod. Liab. Litig., MDL No. 381,* 818 F.2d 145, 154–59 (2d Cir.1987) (describing history of proceedings before Judge Weinstein), *cert. denied,* 484 U.S. 1004, 108 S.Ct. 695, 98 L.Ed.2d 647 (1988). Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served. We hold, therefore, that the MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending, *cf. United States v. United Mine Workers,* 330 U.S. 258, 290, 67 S.Ct. 677, 694, 91 L.Ed. 884 (1947) (district court has authority to issue injunction while jurisdictional questions are pending), that objection to be resolved by the transferee court.

■ Our disposition of this matter is also consistent with the general rule that appellate courts should avoid determining jurisdictional issues on a petition for mandamus. As the Supreme Court indicated long ago,

> [t]he traditional use of the writ in aid of appellate jurisdiction ... has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. Even in such cases appellate courts are reluctant to interfere with the decision of a lower court on jurisdictional questions which it was competent to decide and which are reviewable in the regular course of appeal.
>
> . . . .
>
> Ordinarily mandamus may not be resorted to as a mode of review where a statutory method of appeal has been prescribed or to review an appealable decision of record.... Where the appeal statutes establish the conditions of appellate review, an appellate court cannot rightly exercise its discretion to issue a writ whose only effect would be to avoid those conditions and thwart the Congressional policy....
>
> For that reason this Court has consistently refused to sustain the use of mandamus as a means of reviewing the action of a district court in denying a motion to remand a cause to the state court from which it had been removed. And for the same reason it has held in other cases that the writ will not issue to review an order overruling a plea to the jurisdiction, or denying a nonsuit, despite the inconvenience to petitioner of being forced to proceed to trial in advance of a review of the court's action.

*Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26–31, 63 S.Ct. 938, 941–44, 87 L.Ed. 1185 (1943) (citations and footnotes omitted). The principles articulated in *Roche* thus dictate that we decline to reach the jurisdictional issue in this case.

In arguing the contrary proposition, plaintiffs rely primarily on *In re Sugar Antitrust Litigation, MDL 201*, 588 F.2d 1270 (9th Cir.1978), *cert. denied*, 441 U.S. 932, 99 S.Ct. 2052, 60 L.Ed.2d 660 (1979), and *BancOhio Corp. v. Fox*, 516 F.2d 29 (6th Cir.1975). Both cases are readily distinguishable. In *BancOhio*, a mandamus case, the issue was whether the subject matter of a case removed from state court was within the exclusive jurisdiction of the federal courts. Answering that question affirmatively, the Sixth Circuit granted the petition for mandamus, holding that, because the state court never had jurisdiction, the federal courts could not exercise removal jurisdiction. *See* 516 F.2d at 31–32. In *BancOhio*, however, unlike the present case, the petitioners had moved for remand and, when that motion was denied, had filed a motion to dismiss the case without prejudice. *See id.* at 30–31. Only after the district court had denied both motions did the petitioners ask the Sixth Circuit for a writ of mandamus, thereby presenting the "exceptional circumstances" justifying the issuance of the writ. *Id.* at 32–33; *see Black v. Boyd*, 248 F.2d 156, 159–60 (6th Cir.1957).

In *Sugar Antitrust*, the Ninth Circuit was asked to reverse a district court's refusal to remand an action to state court. The Ninth Circuit held that denying remand in a case involving state antitrust laws would amount to "federal pre-emption of the antitrust laws by judicial act," 588 F.2d at 1273, and it therefore reversed on jurisdictional grounds the refusal to remand. However, *Sugar Antitrust* involved an appeal of a certified question under 28 U.S.C. § 1292(b), *see* 588 F.2d at 1271. In the instant case, the jurisdictional issue is raised only by a petition for writ of mandamus and is thus subject to the principles enunciated in *Roche*.

The petition is denied.